# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1566V

LUIS TAN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: May 8, 2026

*Christopher Williams, Siri & Glimstad, LLP, New York, NY, for Petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.*

### <u>DECISION ON ATTORNEY'S FEES AND COSTS[1]</u>

On September 12, 2023, Luis Tan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome, a defined Table injury, or in the alternative, caused-in-fact injury, after receiving an influenza vaccine on September 14, 2022. Petition, ECF No. 1. On March 20, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 35.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner then filed an *Interim* Motion for attorney's fees and costs, requesting an award of $40,751.23, representing fees and costs incurred by Petitioner's former counsel, Andrew D. Downing, Esq. *See* Interim Motion filed December 29, 2024, at ECF No. 30. Later, Petitioner filed a *final* Motion for attorney's fees and costs, requesting an award of $4,924.44, incurred by Petitioner's counsel of record, Christopher Williams, Esq. *See* Final Motion, filed May 2, 2025, at ECF No. 41. Petitioner has also filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 41-4.

Respondent reacted to the interim and final motions, deferring resolution of the amounts to be awarded to my discretion. Response at 2-5, ECF Nos. 31 and 42. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### a. Hourly Rates

The hourly rates requested by former and current counsel and their supporting paralegals are reasonable and consistent with our prior determinations, and shall be awarded herein.

### b. Non-Compensable Tasks

Fees are awarded for the number of hours reasonably expended on the litigation. *See Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008). But a review of the invoices shows that Petitioner's former counsel billed for non-compensable work and/or tasks considered administrative in nature,[3] such as reducing the filing size of medical records in preparation for filing and reviewing, processing, and paying invoices.

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. See, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### c. Block-Billing

In addition to the above, the *interim* fees award must also be reduced due to excessive block-billing of non-compensable tasks such as filing documents, paying invoices, and for

---

[3] The following billing entries are considered administrative and non-compensable: 4/28/23 (two entries); 5/11/23; 5/25/23; 6/27/23 (two entries); 8/16/23; 8/24/23; 9/14/23; 11/10/23; 2/16/24 (two entries re: reducing filing size; reviewing invoice for medical records; issuance of payment…" 2/19/24 (two entries re: reducing filing size); 4/2/24; 4/5/24. See ECF No. 30-1 at 3-13.

the review of automated e-notifications confirming Counsel's own filing submissions all of which are grouped together with attorney or paralegal level work.[4] Several tasks grouped together in a single time-entry makes it difficult to decipher the amount of time spent on each task and thus, the reasonableness of the request. Such billing practices are clearly disfavored in the Program. See *Broekelschen v. Sec'y of Health & Hum. Servs.*, 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's fees for block-billing); see also *Jeffries v. Sec'y of Health & Hum. Servs.*, 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Plott v. Sec'y of Health & Hum. Servs.*, 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. Apr. 23, 1997). Indeed, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[5]

Special Masters have discretion to, "reduce the hours to a number that, in [his] experience and judgment, [are] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged, rather than engage in a line-by-line review of the invoices submitted. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). I hereby apply a *ten percent* reduction to the *interim* fees to account for these issues. **Application of the foregoing results in a reduction of $3,961.05**.[6]

## LITIGATION COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF Nos. 30-1 at 19-51 and 41-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[4] Some specific examples of non-compensable tasks that are block-billed with attorney or paralegal level work are dated as follows: 5/1/23 (two entries); 5/11/23; 5/26/23; 6/28/23 (two entries); 9/20/23 (two entries); 11/1/24; 11/21/24 (two entries); and 12/5/24. See ECF No. 30-1 at 3-18.

[5] See Guidelines for Practice at 76:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[6] This amount is calculated as follows and only applies to the Interim request: $39,610.50 x 0.10 = $3,961.05 in fees to be reduced.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of <u>$41,714.62</u>[7] as follows:**

- **A lump sum of <u>$4,924.44</u>, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Christopher Williams' IOLTA account for prompt disbursement; and**

- **A lump sum of <u>$36,790.18</u>, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Andrew Donald Downing's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.